CARPENTER, Appellant, vs. MEACHEM, Respondent.

*May 22 — June 20, 1901.*

*Mortgages: Foreclosure: Parties: Deficiency: Former adjudication: Election of remedies: Fraud.*

1. In an action to foreclose a mortgage an intermediate purchaser of the land, who had assumed to pay the mortgage debt, was named as a defendant, but the summons was not served upon him. *Held* that, as he was not in fact a defendant in that action, a judgment for deficiency rendered against him therein was invalid and was not a bar to a subsequent action against him to recover the deficiency.

2. An attempt, in a foreclosure action, to obtain a binding judgment for deficiency against one who had assumed payment of the mortgage debt, which failed because he was not served with process, was not the election of a remedy inconsistent with a remedy by subsequent action at law against him upon the mortgage note.

3. Failure to serve the summons in a foreclosure action upon a nonresident intermediate purchaser of the land is not fraudulent, where the proceedings are carried on with all the publicity required by the statute.

APPEAL from an order of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This is an action to recover a deficiency arising upon the foreclosure of two mortgages, the defendant being an intermediate purchaser of the mortgaged property, who, it is alleged, assumed and agreed to pay the mortgage debt. The complaint set forth the execution of the two notes and accompanying mortgages upon real estate amounting in all to $6,000 by one Meyer to the plaintiff, and further alleged that thereafter the defendant, *Meachem*, purchased the mortgaged premises from Meyer, and accepted a warranty deed thereof, by which he assumed and agreed to pay the entire mortgage debt as a part of the purchase price; that said mortgages were duly foreclosed by action prior to the commencement of this action, and the property sold, and that a deficiency of $1,088.55 existed after the proceeds of said sale had been applied upon the mortgages; that the defendant, *Meachem*, was at all times a nonresident of Wisconsin, and no jurisdiction could be or was obtained in the foreclosure action to render a valid judgment against him. Judgment for such deficiency, with costs and interest, was demanded.

The answer of the defendant admitted the execution of the notes and mortgages described in the complaint, and the conveyance of the real estate to the defendant; also the institution of the foreclosure action, and the judgment and sale in foreclosure, and the fact that a deficiency of $1,088.55 existed, as shown by the report of sale. The answer also admitted that the defendant was at all times during the progress of said foreclosure action a nonresident of the state of Wisconsin. The answer then proceeded to allege affirmatively the rendition of said foreclosure judgment, and stated that the defendant herein was one of the parties defendant in said foreclosure action, and that judgment for deficiency was rendered in said action, which judgment is alleged to

Carpenter vs. Meachem.

be a bar to the prosecution of the present action. The answer further alleged that no summons, pleadings, or notice of any kind was ever served upon him, or published in any newspaper, and that no service by publication or otherwise was made upon him, and that the plaintiff fraudulently prosecuted said action to judgment without notice to the defendant, in order that he might bid in the premises at less than their real value, and so prevent the defendant from protecting his rights at the foreclosure sale; and that the plaintiff did bid in said premises at a grossly inadequate price, and thereby defrauded the defendant.

To that part of the answer which set up the rendition of the deficiency judgment as a bar and attempted to defend upon the ground of fraud, the plaintiff demurred on the ground that no defense was stated thereby; and from an order overruling said demurrer the plaintiff appeals.

For the appellant there was a brief by *Sallade, Chadbourne & Noyes*, attorneys, and *D. D. Sutherland*, of counsel, and oral argument by *F. W. Chadbourne*.

For the respondent the cause was submitted on the brief of *Charles M. Baxter*, attorney, and *Maurice McKenna*, of counsel.

WINSLOW, J. In that portion of the answer which is challenged by the demurrer the defendant attempted to allege by way of affirmative defense a former adjudication upon the same cause of action in bar, as well as a supposed fraud committed by the plaintiff in concealing from the defendant the fact of the pendency of the foreclosure proceedings. The insufficiency of the allegations to make out either of the supposed defenses seems quite plain. In order to constitute a previous adjudication a bar, it must have been rendered by a court of competent jurisdiction, upon the same cause of action, and in an action between the same parties, their privies, or representatives. The defendant could have been

made a party to the foreclosure action, and a judgment obtained against him for any deficiency arising upon the foreclosure sale. Stats. 1898, sec. 3156; *Palmeter v. Carey*, 63 Wis. 426. Such judgment, if rendered, would have been upon the same cause of action here sued on, and, if the record showed service of the summons upon the defendant, would have been a prior judgment between the same parties. But the difficulty is that the answer affirmatively shows that the summons in that action was never served upon the present defendant. It must necessarily be inferred that the record in that action corresponds with the truth, and that it affirmatively appears therefrom that no service was made upon the defendant, and hence that no jurisdiction was obtained over him, or, in other words, that he was not in fact a defendant in that action, and the judgment rendered therein was not a judgment between the parties to the present action. This consideration is conclusive upon this point. It demonstrates that there has been no previous judgment between the parties, notwithstanding the fact that the defendant may have been named as a party in the title of the action.

It appears by the opinion of the trial judge, which is returned with the record, that he considered the case as one where the doctrine of election of remedies might be applied, and that, it appearing by the answer that the plaintiff had elected to obtain a deficiency judgment against the defendant in the foreclosure action, he was, by that act, prevented from afterwards seeking relief in an action at law, notwithstanding he had obtained no valid judgment in the foreclosure action. The doctrine of the election of remedies is well understood, and it is well settled that the election, when once made in a proper case, is final and cannot be reconsidered. *Carroll v. Fethers*, 102 Wis. 436. But the doctrine of election is confined to cases where the plaintiff is required to choose between two remedies which are incon-

sistent with each other, such as a remedy in tort and a remedy in contract. 7 Ency. of Pl. & Pr. 362; *Fuller-Warren Co. v. Harter*, 110 Wis. 80. The plaintiff has not attempted to invoke two inconsistent remedies. The remedy by judgment for deficiency in the foreclosure action is perfectly consistent with the remedy by judgment in an action at law upon the notes. One remedy is by action in equity, and one by action at law, but both affirm and seek to enforce the written contract upon the same grounds. So it is apparent that the unsuccessful attempt to make the defendant a party to the foreclosure action, and bind him by the judgment therein, is no bar to the present action, either by way of former adjudication or by way of election of remedies.

The defense of fraud in the foreclosure of the mortgage by purposely concealing from the defendant the fact of the pendency of the foreclosure action seems not to have been considered as of any importance by the trial judge, and is not even mentioned in the opinion filed by him. It is, however, relied upon by the defendant in his brief in this court. The defendant was, as shown by the pleadings, an intermediate purchaser, and at all times a nonresident. The only fraudulent act alleged is that he was not served with the summons. He was not a necessary party to the foreclosure. The plaintiff could make him a party or not, as he chose. In not serving the summons upon him, the plaintiff simply exercised a legal right, and it is difficult to see how a charge of fraud can be predicated thereon. So far as the answer shows, every step in the foreclosure proceedings was carried out with all the publicity required by the statute.

*By the Court.*— Order reversed, and action remanded with directions to sustain the demurrer.