KIEFER-HAESSLER HARDWARE COMPANY, Appellant, vs. PAULUS, Administrator, and another, Respondents.

*April 6—April 23, 1912.*

*Chattel mortgage or lease? Writing construed: Tender: New trial: Newly discovered evidence.*

1. A written instrument, though containing formal words appropriate to a lease, is *held*, on the evidence, to have been a chattel mortgage or security for the payment of the purchase price of the articles described therein, rather than a lease.
2. When tender of the whole amount due under a chattel mortgage securing the purchase price of the articles described therein is made and kept good, the title passes to the purchaser.
3. A motion for a new trial on the ground of newly discovered evidence was properly denied where, if there had been proper diligence, such evidence would have been discovered and produced at the trial.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an action of replevin to recover possession of a hotel range and certain other articles comprising a part of the outfit for a restaurant. It was undisputed that the property originally belonged to the plaintiff (which is a corporation engaged in the hardware business at Milwaukee), and that in February, 1910, it was delivered to one Kuchiaras, a restaurant keeper (since deceased), under the following written agreement:

*"This Certifies,* That I, G. Kuchiaras, residing at No. 189 3rd Street, in the City of Milwaukee, State of Wisconsin, have rented and received from *Kiefer-Haessler Hdw. Co.* of Milwaukee, Wisconsin, (1) One Hotel Range, (1) One Water Cooler, (3) Three Urns, (1) One Cake Griddle, (1) One Hot Plate, (1) One Tray under Urns, all complete and in good order and valued at Two Hundred Sixty-five Dollars ($265) which I agree to *use with care* and keep in like order, and for the use of which I agree to pay to the order of *Kiefer-Haessler Hdw. Co.* rent as follows: The sum of One Hundred

Dollars ($100) upon delivery of this agreement as a guarantee of the faithful performances upon my part of all the conditions thereof, and the further sum of Twenty-five Dollars ($25) rent on or before the 15th day of each month hereafter for six months at the office of *Kiefer-Haessler Hdw. Co.* without notice or demand.    But if default shall be made in either of said payments, or if I shall sell, or offer to sell, remove, or attempt to remove the said furniture from my place of residence above mentioned without the written consent of said lessor, then and in that case, or at the expiration of the time for which said furniture is rented I will return and deliver the same to the said lessor in good order, save reasonable wear, and the said lessor or his agents may resume actual possession thereof; and I hereby authorize and empower the said lessor, or his agents, to enter the premises wherever said furniture may be, and take and carry the same away, hereby waiving any action for trespass or damages therefor and disclaiming any right or resistance thereto; and also waive all right of homestead and other exemptions, under laws of the state of Wisconsin, as against this obligation.

"It is also further agreed, that I may at any time within said rental term, purchase said furniture and apparatus, by paying therefor the full valuation above stated and then and in that case only, the rent and guarantee theretofore paid shall be deducted therefrom.

"Witness my hand and seal this 8th day of February, 1910."

The agreement was signed by Kuchiaras and by the respondent *Coils*, but there was a conflict in the evidence as to whether *Coils* signed as a witness or as a party.    Kuchiaras paid the $100 named in the agreement February 8, 1910, but did not pay the monthly instalments falling due on March 15th and April 15th.    Thereupon this action of replevin was brought against both Kuchiaras and *Coils*.    *Coils* filed a general denial, and Kuchiaras made answer admitting the execution of the agreement, pleading a tender of $165 (the entire balance due on the contract) on April 13, 1910, and interposing two counterclaims, one for damages for the wrongful removal of the articles on the writ, and the second for dam-

ages for delay in delivering the articles at the time of the original sale.

The court at the close of the testimony directed a verdict in favor of the defendant *Coils,* nonsuited the plaintiff as to Kuchiaras, and submitted the question of damages on the counterclaims of Kuchiaras to the jury by special verdict. The jury returned a verdict finding $200 damages upon the first counterclaim and $100 upon the second. The plaintiff made the usual motions for judgment *non obstante,* for change of the answers of the verdict, for setting aside of the verdict and new trial, and finally for new trial on newly discovered evidence, all of which were overruled, and judgment entered dismissing the complaint as to *Coils* and awarding the property to Kuchiaras, and adjudging that he recover of the plaintiff the damages found by the jury upon the counterclaims. From this judgment the plaintiff appealed.

Pending the appeal Kuchiaras died, and the respondent *Christoph Paulus,* being appointed administrator of his estate, was substituted as a party.

For the appellant there was a brief by *Carroll & Carroll,* and oral argument by *G. J. Carroll.*

*Edward H. Hibbard,* for the respondents.

WINSLOW, C. J. It seems that the court was entirely right in dismissing the action as to the defendant *Coils.* Without stating the evidence in detail, we think it clearly appeared that Kuchiaras was in fact the sole party interested, and that the action should have been brought against him alone. The court was also right in construing the contract in question as a chattel mortgage or security for the payment of the purchase price of the articles rather than as a lease. Under the circumstances shown by the evidence the intention of the parties is so plain, notwithstanding the formal words appropriate to a lease, that no other construction is permissible.

The proof that a tender of $165 or more was made on be-

half of Kuchiaras April 13th and renewed on April 14th was absolutely undisputed upon the trial, and the tender was kept good by the deposit of the money in court. Such being the case, the trial court could pursue but one course, namely, non-suit the plaintiff. When the tender was made and kept good, the title to the property passed to the defendant. The newly discovered evidence which formed the basis of the motion for a new trial consisted of a letter written by the attorney of the defendant Kuchiaras to plaintiff's firm on April 14, 1910, in which there are expressions which indicate that the tender made on the previous day was the sum of $175, and was intended to cover not only the contract price of the articles in question, but the balance due upon an open account which plaintiff claimed to be about $100. If this were found to be the fact, then there would have been no sufficient tender. The difficulty is that there is no sufficient excuse for not producing the letter upon the trial. It was not lost, but was in the plaintiff's letter files, and due preparation for trial would certainly suggest, if not require, careful search for letters on the subject, especially in view of the fact that the answer specifically pleaded the making of a tender and its exact date. It seems that the trial court was justified in denying the motion on the ground of lack of diligence in preparing for trial.

. It is said that the evidence as to damages upon the counter-claims is insufficient, and too vague to sustain the findings of the jury. It is true that the evidence is not as satisfactory as could have been desired, but we are unable to say that there is not some evidence upon which the conclusions of the jury can stand.

Some minor exceptions are urged and have been carefully examined. They are not deemed to possess any substantial merit, nor are they of sufficient importance to warrant detailed treatment.

*By the Court.*—Judgment affirmed.