HOWARD et al. v. J. P. PAULSON COMPANY.

No. 2369.    Decided September 10, 1912 (127 Pac. 284).

1. ELECTION OF REMEDIES—LIEN—WAIVER.  Comp. Laws 1907, section 1403, gives one who keeps and stores personalty for another a lien for his reasonable charges.  Section 1405 provides that such lien may be enforced without an action, by advertisement and sale.  Section 1406 provides that nothing in the chapter shall take away the right of action of a lienor for his charges, or any residue thereof after sale.  Section 3851 provides that claims against estates arising under contracts, whether due or not, must be presented to the administrator within the time limited in the notice to creditors, provided that nothing therein shall prohibit the foreclosure of liens or mortgages as thereinafter provided.  Section 3858 permits an action to be brought without notice by any lienholder to foreclose the lien against property of the estate, where all recourse against any other property is expressly waived in the complaint.  *Held*, that a warehouseman by presenting to the executor a claim against an estate for storage charges, without mentioning his lien, and, after rejection of the claim, by suing thereon to recover the amount thereof without mentioning the lien, which action was dismissed, did not make an election of remedies so as to bar the assertion of his warehouseman's lien by way of counterclaim, in a subsequent action by the executor to recover the property.  (Page 493.)

2. WAREHOUSEMEN—FORECLOSURE OF LIEN—EQUITABLE ACTION.  A warehouseman's lien may be foreclosed in an equitable action.[1]  (Page 494.)

3. ELECTION OF REMEDIES—GENERAL DOCTRINE.  Where there is a duty to elect as to a particular remedy, the bringing of an action based upon one remedy constitutes an irrevocable election, except in case of mistake of fact or other legal excuse.  (Page 495.)

4. WORDS AND PHRASES—"ELECTION."  "Election," says Judge Story, "is the obligation imposed on a party to choose between two inconsistent or alternative rights or claims, in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both."  (Page 495.)

5. STATUTES—CONSTRUCTION.  In construing and applying statutes, the courts must keep in view the language of the statute and

---

[1] Westminster Inv. Co. v. McCurtain, 39 Utah, 544, 118 Pac. 567.

the actual conditions to which it is intended to apply.  (Page 499.)

6. WAREHOUSEMEN—LIENS—ASSERTION IN REPLEVIN ACTION.  A warehouseman's lien may be enforced to the extent of the amount found due, by way of counterclaim in a replevin action to recover the property.  (Page 500.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by E. O. Howard and another, executors of James McTerney, deceased, against the J. P. Paulson Company.

Judgment for plaintiffs.  Defendant appeals.

REVERSED AND REMANDED, WITH DIRECTIONS TO GRANT A NEW TRIAL AND FOR FURTHER PROCEEDINGS.

*D. B. Hempstead* and *Gustin, Gillette & Brayton* for aplants.

*C. S. Varian* and *Waldemar Van Cott* for respondents.

FRICK, C. J.

The respondents, as executors of the last will and testament of James McTerney, deceased, commenced this action in replevin to recover possession of certain personal property which it alleged in their complaint belonged to said estate and was wrongfully withheld from them by appellant.  Appellant answered the complaint admitting the ownership of the property to be as alleged; denied that it wrongfully withheld the same; and as an affirmative defense set up a warehouseman's lien under Comp. Laws 1907, section 1403, for storing and caring for said property at the request of said decedent during his lifetime, and in an amended answer expressly "waives all recourse against any other property of the estate."  Respondents replied to the affirmative matter denying the alleged lien, and also pleaded the statute of limitations, and further averred that appellant had waived and lost the lien,

if one it had, for the reasons hereinafter more particularly stated. Appellamt demurred to the latter defense set up in the reply, and the court overruled said demurrer.

The facts found by the trial court upon a trial of the issues submitted to it without a jury in substance are:

That said McTerney died on the 28th day of April, 1910, in Salt Lake County, leaving a last will and testament by which he disposed of his property in Salt Lake City. That said will was duly admitted to probate, and letters testamentary thereon were duly issued to said respondents, and they qualified and are acting as the executors of said will. That they, as such executors, caused due and proper notice to creditors to be published as required by law. That, pursuant to said notice to creditors, appellant presented to said executors a duly verified claim against said estate for the sum of $665 for storage and other charges for storing and caring for the identical property involved in this action. That said claim was rejected by said executors, and thereafter, to wit, on the 23d day of January, 1911, said appellant brought an action in the district court of Salt Lake County in the probate division thereof against said executors to recover the amount of said claim against said estate. That said executors filed an answer in said action denying said claim, pleading the general statute of limitations in bar to a part thereof, and also set up the plea that the action and right to recover upon said claim was barred because the action had not been commenced within the time required by Comp. Laws 1907, section 3856, which requires an action upon a rejected claim to be commenced within three months after the date of such rejection. That the appellant in said claim and action did not claim a lien upon the property in question, and did not in said action expressly waive all recourse against the property of said estate other than the property in question. That on the 20th day of November, 1911, while the replevin action was pending, appellant dismissed the action commenced on said claim as aforesaid. That appellant now is, and on and ever since the 28th day of April, 1910, has been, in possession of all the property in question. That said

McTerney, at the time of his death, was the owner of said property, all of which is easy of identification. That said respondents, as executors, now are, and ever since the 31st day of October, 1910, have been, entitled to the possession of all of the property in question. That ten dollars per month is a reasonable compensation for storing said property after the 28th day of April, 1910. That on the 31st day of October, 1910, respondents, as executors, duly tendered and offered to pay to appellant the sum of $61.50, the amount due for storing said property from the 28th day of April, 1910, to the 31st day of October, 1910, which appellant refused to accept, and then and there refused to deliver possession of said property to respondents, although they demanded the same. That the value of said property is $1200.

The court, as conclusions of law, found that appellant was "not entitled to set up or assert a lien against or upon the personal property" in question; that it was entitled to $61.50 without interest to be paid into court by respondents; and that said respondents, as executors, are entitled to the possession of said property or its value, amounting to the sum of $1200, on payment of said sum of $61.50 to appellant as aforesaid.

Judgment was entered accordingly, from which this appeal is prosecuted.

The whole question in this case hinges upon whether appellant has lost its right to set up its lien under the doctrine of election. The lien in question is based upon Comp. Laws 1907, section 1403, which was in force when the property in question was stored and when this action was commenced. That section, in substance, provides that any person who shall safely keep or store any personal property at the request of the owner or the person in lawful possession thereof shall have a lien thereon for his reasonable charges for storing and keeping the same. Section 1405 provides that such lien may be foreclosed without an action by advertisement and sale of the property. Section 1406 is as follows:

"Nothing in this chapter shall take away the right of action of the party to whom such lien is given, for his charges, or for any residue thereof, after sale of such property."

The latter section therefore gives the lien claimant what are known as concurrent or cumulative remedies, and he may pursue either without in any way waiving the other, except that he cannot receive more than satisfaction of his claim.

We think such a lien may also be foreclosed in an equitable action. That such may be done is clearly indicated from what is said by this court in *Westminster Inv. Co. v. McCurtain,* 39 Utah, 544, 118 Pac. 567. Respondents' counsel, however, strenuously insists that, under our statute relating to the presentation and allowance of claims against the estates of decedents, appellant in filing its claim against the estate and by bringing an action thereon made its election of remedies, and that in dismissing that action it has lost its right to now pursue another remedy for the collection of its claim.

Comp. Laws 1907, section 3851, in substance provides that all claims arising upon contracts, whether due or not, must be presented to the administrator or executor of the estate within the time limited in the notice to creditors or be forever barred. The section contains a proviso which is as follows:

"Provided that nothing in this title contained shall be so construed as to prohibit the foreclosure of liens or mortgages as hereinafter provided."

A subsequent section (3858), after stating that no claimant shall be permitted to maintain an action unless his claim is first presented to the administrator or executor, provided that "an action may be brought without notice by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless such claim be so presented." Lien claimants, therefore, who make no claim upon the general assets of the estate, are excused from filing any claim against it, but may

bring their action as in other cases to subject the particular property upon which the lien exists to the satisfaction thereof. In the case at bar it is made to appear, however, that appellant presented a claim for the amount claimed to be due for storage charges without saying anything about its lien thereon, and after the claim was rejected brought an action upon said claim to recover the amount of the claim against said estate without mentioning the lien, and which action it dismissed after the present action was commenced and after it had in the case at bar by way of counterclaim set up its lien. The questions therefore that we shall now proceed to answer are: (1) Do the foregoing facts bring this case within what is called the doctrine of election of remedies? (2) If so, did the bringing of the action by appellant upon the rejection of the claim constitute such an election?

The great weight of authority is to the effect that, where the duty to elect applies, then the bringing of an action based upon one of the remedies or rights consti- **3** tutes an election which is irrevocable except in case of mistake of fact or some other good and sufficient legal excuse. The difficult question, however, is the one first above referred to, namely do the facts of this case bring it within the doctrine aforesaid?

In referring to the doctrine of election, Judge Story says:

"Election is the obligation imposed on a party to choose between two *inconsistent or alternative rights or claims* in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both." (Italics ours.) (3 Words & Phrases, 2336.)

In 15 Cyc. 257, the law with respect to the necessity of election is tersely stated thus:

"In order that election must be made, the party must have at his command different coexisting remedial rights, which are incon-sistent, and not analogous, consistent, and concurrent."

In 7 Ency. Pl. & Pr. 362, after stating that the doctrine only applies to a "case based upon inconsistent theories," it is further said:

"As already stated, the principle does not apply to all coexistent remedies. As regards what have been termed consistent remedies, the suitor may, without let or hindrance from any rule of law, use one or all in a given case. He may select and adopt one as better adapted than the others to work out his purpose, but his choice is not compulsory or final, and if not satisfied with the result of that, he may commence and carry through the prosecution of another."

This language is approved and adopted by the Supreme Court of Nebraska in *Simons v. Fagan,* 62 Neb. at page 295, 87 N. W. at page 23. The same court, in *Clark v. Hall,* 54 Neb. at page 485, 74 N. W. at page 858, in referring to the doctrine of election, said:

"The doctrine only applies to cases where a party may in vindication of his right choose between modes of procedure bottomed on conflicting theories."

In *Mills v. Parkhurst,* 126 N. Y. 89, 26 N. E. 1041, 13 L. R. A. 472, the New York Court of Appeals, in discussing the rule, says that it applies to cases which "proceed upon opposite and irreconcilable claims of right." This declaration is approved by the same court in *Matter of Garver,* 176 N. Y. 391, 68 N. E. 667. In *Lambert v. Nicklass,* 45 W. Va. 528, 31 S. E. 951, 44 L. R. A. 561, 72 Am. St. Rep. 828, it is, in effect, held that, where one has a lien upon specific property, he may proceed both in an action against the person and also in *rem* against the property, and that the doctrine of election does not apply to such a case. The doctrine given in the foregoing quotations is supported in the following cases, namely:  *Crockett v. Miller,* 50 C. C. A. 453, 112 Fed. 729; *Stier v. Harms,* 154 Ill. 476, 40 N. E. 296; *Ellis v. Hussey,* 66 N. C. 501; *Silvey v. Axley,* 118 N. C. 962, 23 S. E. 933; *Carpenter v. Meachem,* 111 Wis. 60, 86 N. W. 552. In the last three cases cited it is held that a mortgagor may sue upon the note and obtain judgment, and thereafter may pursue his remedy in equity upon the mortgage against

the mortgaged premises, and that such remedies are con-
current and not inconsistent and do not come within the doc-
trine of election. It is true that in this state under our stat-
ute there can be but one action where a debt is secured by a
mortgage, but that fact does not in anyway affect the doctrine
of election, which is the question we are now discussing.

The following cases have more or less bearing upon the
principle involved in the case at bar:

The case of *Morton v. Adams,* 124 Cal. 229, 56 Pac. 1039,
71 Am. St. Rep. 53, was one in equity to quiet the title to
real property. The real estate which was the subject of the
action had been conveyed to the plaintiff in an action shortly
before the death of his grantor. Upon the death of the gran-
tor the judgment was filed as a claim against her estate, which
claim was allowed. The plaintiff, deeming that the judg-
ment in question was an apparent cloud upon his title, com-
menced an action to have the cloud removed and the title
quieted in him. The judgment lien claimant filed a counter-
claim in said action in which he set up the lien and asked
its enforcement. Plaintiff contended that, in electing to pro-
ceed against the estate of his grantor by presenting a claim
and having it allowed by the administrator of the estate and
the probate court, the lien claimant had elected to abide by
that remedy and therefore was irrevocably bound by such
election. The Supreme Court of California, however, held
that the case did not come within the doctrine of election and
upheld the judgment of the lower court declaring that the
lien claimant had a right to enforce his lien in an independ-
ent action. The court further held that the presentation and
allowance of the claim had no effect upon the lien.

In *Visalia Savings Bk. v. Curtis,* 135 Cal. at page 352,
67 Pac. at page 330, the Supreme Court of California held,
under a statute precisely like ours, that a lien claimant has
"two modes in which he may enforce its payment." The
court further said in that case:

"The proceeding under section 1500 (which is the same as our section 3858, *supra*) is entirely independent of the administration of the estate, and may be conducted in a different forum from that in which said administration is pending, and may be taken after the presentation and allowance of his claim, or even after its rejection."

In *Estate of Wiley,* 138 Cal. 301, 71 Pac. 441, it is held that an original judgment lien is not lost nor merged by presenting the same against the estate as a claim and by obtaining a judgment upon it in a probate proceeding. In that case the claim was disallowed and an action was prosecuted to recover upon the claim, and yet it was held that the original judgment lien could be enforced in an independent action after such claim had been allowed as aforesaid. To the same effect is *Mathew v. Mathew,* 138 Cal. 334, 71 Pac. 344.

It is, in effect, held by the Supreme Court of California that the general statute of limitations relating to liens controls where the claimant seeks to enforce his lien in an independent action. (See, also, *Moran v. Gardemeyer,* 82 Cal. 96, 23 Pac. 6, and *Bank v. Charles,* 86 Cal. 322, 24 Pac. 1019.)

In *First Nat. Bank of Hailey v. Glenn,* 10 Idaho. 224, 77 Pac. 623, 109 Am. St. Rep. 224, the Supreme Court of that state held that, although a claim secured by a mortgage had been presented and allowed and a large sum paid thereon, notwithstanding that fact the lien claimant could in an independent action enforce his mortgage lien against the mortgaged property. This case is somewhat severely criticised by counsel for respondent, because, as he says, it virtually abrogates the statute by permitting a mortgagee to obtain part payment of his claim out of the general assets of the estate and after doing so enforce the remainder against the specific property upon which the lien exists. Whether counsel's criticism is sound or not is not the question here. We have not referred to the latter case for the purpose of showing that a lien claimant may under our statute have recourse both to the general assets of the estate and also to the specific property upon which he has a lien. That question is not involved

in the case at bar and hence cannot be decided. The only purpose we have in citing the Idaho case is to show that the court, in common with many other courts, has held that lien cases such as we are considering in this decision do not come within the doctrine of election as contended for by respondents' counsel.

Nor do we think the case at bar comes within the doctrine, although it were considered entirely apart from any of the foregoing cases. As we have pointed out, under the provisions of section 1406, appellant could have proceeded to enforce its claim against the decedent at any time before his death by an action against him or by proceeding against the property, and in pursuing either remedy the doctrine of election would not have applied. This right, having been expressly given by the statute, cannot be held to be lost upon the sole ground that appellant did not assert its rights prior to McTerney's death. True, by reason of death the procedure to enforce a right may be different; but the right itself, if vested, cannot be changed merely because of death. Moreover, why should not a lien claimant be permitted to have his claim paid as soon as possible after the debtor's death? In this case it is conceded by all that the estate was clearly solvent and that there were sufficient assets to pay the claim. The claim therefore could have been allowed and paid upon presentation. If this had been done, the property in question would have been returned to the executors, and they could have disposed of it according to law. Again, in what way is appellant's position different now from what it was when it presented the claim and when it commenced the former action? It now relies upon and must prove and establish precisely the same facts that it was required to establish then in order to recover. Its position and claim are therefore perfectly consistent and not inconsistent.

In construing and applying the law the courts are bound to keep in view two elements, namely, the terms in which the law is stated and the actual conditions to which it is intended to be applied. In keeping in mind the foregoing elements we are forced to the conclusion

that appellant in filing its claim and instituting the action and dismissing the same lost no rights whatever, and that it may in the present action assert the same as though the claim had not been presented for allowance. But it is contended by counsel for respondents that, if appellant be permitted to prevail on this appeal, it "will place appellant in a very strongly fortified position." We confess our entire inability to see things as counsel sees them. If we are right in our conclusions, appellant can obtain nothing except its legal rights. Every legal defense that respondents may have to appellant's claim may be pleaded and enforced in the present action. If the claim is barred in whole or in part by the statute of limitations relating to such liens, the court must enforce the statute. If the claim is unjust in part or is entirely without merit, that fact can just as well be determined in the present action as in any other. True, respondents may not invoke the special three-month statute of limitations; but in view of the law appellant always had, and continues to have, the right to avoid that statute, and hence it is doing no more than respondents seek to do, namely, to protect and enforce legal rights.

Under the authority of *Westminster Inv. Co. v. McCurtain, supra,* the lien in question may be established in a replevin action, and one of the issues to be tried is the amount of the claim upon which the lien is based. The lien can be enforced only for the amount found due. When the legality of the claim and the amount thereof are established, the respondents can pay it without further proceedings. If they desire not to do so, appellant may then proceed to sell the property to satisfy its claim as provided in section 1405, *supra.*

From what has been said it follows that the court erred in its findings and conclusions of law when it found and concluded that the respondents were entitled to the possession of the property in question, and that appellant had no lien upon the same, and in entering judgment for respondents.

The judgment is therefore reversed, and the cause is remanded to the district court of Salt Lake County, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed. Appellant to recover costs.

McCARTY and STRAUP, JJ., concur.