WIEDENBECK-DOBELIN COMPANY, Appellant, vs. ANDERSON and another, imp., Respondents.

*November 6—December 3, 1918.*

*Conditional sale contract: Assignment by vendor: Title of assignee: Remedies of vendor: Election.*

1. Where a conditional contract of sale, providing that title to the goods sold should remain in the vendor until full payment of the purchase price, and a judgment recovered by the vendor upon notes given by the vendee pursuant to said contract, were duly assigned by the vendor and the assignees took immediate possession of a part of the goods in which no interest had been acquired by third persons, the title to the goods so taken vested in the assignees, and a subsequent sale under an execution levied upon such goods as the property of the original vendee was void.

2. The action by the vendor upon notes given by the vendee did not operate to convert the conditional contract into an absolute sale.

3. The vendor's remedies to enforce payment by action upon said notes and by taking the goods after default in payment of the price were not inconsistent, so as to require an election between them, but were cumulative and might both be pursued.

APPEAL from a part of a judgment of the circuit court for Dane county: GEORGE CLEMENTSON, Judge. *Affirmed.*

This action was brought for the recovery of seven manure spreaders and other machinery, or, in lieu of the return thereof, $700, the value of the machinery, together with the costs of the action.

The *Wiedenbeck-Dobelin Company* is a corporation doing business at Madison, Wisconsin. The defendants are

brothers. *B. G.* and *L. G. Anderson* are in business in Chicago; Torval and Ole Anderson live at Rockdale, Wisconsin, and were the principal stockholders in the Anderson Brothers Manufacturing Company, a concern engaged in manufacturing and retailing machinery.

On March 25, 1914, the John Deere Plow Company of Moline, Illinois, entered into a conditional sales contract with the Anderson Brothers Manufacturing Company of Rockdale, Wisconsin, by which it sold and delivered to them thirteen manure spreaders at the price of $97 each and one manure spreader at the price of $100; the sales contract providing, among other things, that

"the title to and ownership of all goods shipped under this contract shall remain vested in the John Deere Plow Company of Moline until the purchase price thereof shall be paid in cash, and until all notes given therefor, and to be given under this contract, are paid; and the said John Deere Plow Company of Moline shall be entitled to possession of the same whenever the said John Deere Plow Company of Moline may feel insecure, or when I or we may become insolvent or bankrupt; but nothing in this contract shall be deemed as releasing me or us from my or our obligation to pay for said goods and all notes hereby contemplated."

Two copies of the conditional sales contract were executed and one of the copies was filed with the clerk of the village of Rockdale. The John Deere Plow Company later brought suit against the Anderson Brothers Manufacturing Company to recover on two notes given pursuant to the conditional sales contract and on a small account, and March 25, 1916, recovered judgment for $771.65 in the circuit court for Dane county. An execution upon the judgment was issued the same day and was delivered to the sheriff, who returned it unsatisfied on June 21, 1916. The return was filed June 26, 1916.

On April 26, 1916, the Anderson Brothers Manufacturing Company had on hand seven of the fourteen manure spreaders purchased by it from the John Deere Plow Company, no part of the purchase price thereof having been paid. On

that date the John Deere Plow Company, for the considera-
tion of $700, assigned the judgment and the conditional
sales contract and transferred its interest in the seven
spreaders to *L. G.* and *B. G. Anderson,* the instrument of as-
signment bearing the date of April 13, 1916. Immediately
after delivery of the assignment to *B. G.* and *L. G. Anderson*
they took possession of the seven manure spreaders, locked
them in a store room, retained one key to the room them-
selves, and gave a duplicate to Torval Anderson, whom they
made their agent. The written assignment was filed in the
office of the clerk of the circuit court for Dane county on
May 15, 1916.

On April 26, 1916, *L. G.* and *B. G. Anderson* also pur-
chased from the Anderson Brothers Manufacturing Com-
pany a Beaver Dam drill for $65, an Ideal drill for $45, and
one Dain mower for $45, which implements are also in-
volved in this action.

On March 6, 1916, Gustave A. Seefeld and Henry F. See-
feld obtained a judgment in a justice's court of Dane county
against the Anderson Brothers Manufacturing Company for
$114.09 principal with $8.75 costs, and on April 18, 1916,
filed a transcript of this judgment in the office of the clerk
of the circuit court for Dane county. On June 26, 1916,
an execution upon this judgment was issued for $131.39 to
the sheriff of Dane county, and on July 3, 1916, the sheriff
levied upon the following property as that of the Anderson
Brothers Manufacturing Company: seven manure spreaders,
one Beaver Dam drill, one Ideal drill, one Dain mower, one
office desk, one iron safe, one clock, two gasoline engines,
one platform scale, two Thor motorcycles, one circular saw
outfit, thirty plowshares, 500 pounds bar iron, one bellows,
100 pounds horseshoes, two forges, two anvils, two vises,
one drill, one tire set, one foot vise, three sets of shaft tips,
three sets of bows, and some assorted bolts and scrap iron.

All of the above described property was struck off to the
plaintiff for $80 at an execution sale held July 24, 1916.

At the time of the commencement of this action *B. G.* and *L. G. Anderson* had possession of the seven manure spreaders, the Beaver Dam drill, the Ideal drill, and the Dain mower, and held the same. The *Wiedenbeck-Dobelin Company* brought suit for the possession of these implements, claiming title under the execution sale.

The circuit court found that at the time of the issuing of the execution in the Seefeld case and at the time of the seizure and sale of the seven manure spreaders the Anderson Brothers Manufacturing Company had no title to or interest therein, but that the title remained in *L. G. Anderson* and *B. G. Anderson* as the assignees of the John Deere Plow Company. The court also found that the Anderson Brothers Manufacturing Company, in making the sale of two drills and one mower to *L. G.* and *B. G. Anderson,* did not comply with the provisions of sec. 2317*c,* Stats., and that no attempt to comply with the provisions of said section in the sale and purchase of the two drills and mower was made by any of the parties to said transaction, and that the attempted sale of these drills and mower resulted in no title to or interest therein passing to *L. G.* and *B. G. Anderson.*

The defendants *L. G.* and *B. G. Anderson* were awarded damages of $46.50. Appeal is taken from a part of this judgment.

For the appellant there was a brief by *Gilbert & Ela* of *Madison,* and oral argument by *Emerson Ela.*

For the respondents, *L. G.* and *B. G. Anderson,* there was a brief by *Gettle & Torge* of Madison, and oral argument by *L. E. Gettle.*

SIEBECKER, J. It is considered in this case that the trial court correctly held that *L. G.* and *B. G. Anderson* were entitled to the possession of the seven manure spreaders upon the following grounds:

1. The conditional sales contract between the John Deere Plow Company and the Anderson Brothers Manufacturing

Company was a valid and subsisting contract between these parties in April, 1916, when the Plow Company assigned it and the judgment held by the Plow Company against Anderson Brothers Manufacturing Company to *L. G.* and *B. G. Anderson* in consideration of their payment to the Plow Company of the sum of $700.

2. No third person had acquired any interest in the seven manure spreaders here involved at the time of such assignment, and *L. G.* and *B. G. Anderson* acquired the title to them under such written assignment. They immediately took possession thereof and had possession of them as their property on the 3d day of July, 1916, when the sheriff levied thereon under the execution issued on the Seefeld judgment as the property of the Anderson Brothers Manufacturing Company; and such execution levy and the sale thereunder were illegal and void.

3. The plaintiff acquired no interest in or right to these seven spreaders as purchaser at such execution sale and hence is not entitled to recover possession of them in this action.

4. The action of the John Deere Plow Company on notes given by the Anderson Brothers Manufacturing Company for goods sold and delivered to it did not operate to convert the conditional sale of such manure spreaders into an absolute sale.

The contract provides that title to goods sold under it shall remain vested in the John Deere Plow Company *"until the price thereof shall be paid in cash and until all notes given therefor and to be given under this contract are paid."* It is without dispute that the cost price for these spreaders had not been paid by the Anderson Brothers Manufacturing Company before the Plow Company brought the action on the notes, nor was payment thereof obtained in any proceeding in that action. The fact is that the purchase price for the manure spreaders had not been paid when the Plow Company took possession of them and sold them and deliv-

ered them to *L. G.* and *B. G. Anderson* in April, 1916. The judgment on the notes in no way changes the contract obligation for payment of the purchase price nor affects the Plow Company's right under the contract to enforce its security to secure payment by taking the property in default of payment of the purchase price.

These two remedies of enforcing such payment do not constitute inconsistent rights for the enforcement of this obligation and hence impose no alternative to elect between them. They are cumulative and give the Plow Company the right to pursue both to secure payment of its claim. *Ratchford v. Cayuga Co. C. S. & W. Co.* 217 N. Y. 565, 112 N. E. 447; *Carpenter v. Meachem,* 111 Wis. 60, 86 N. W. 552.

Upon the foregoing grounds the judgment of the circuit court must be upheld, and other questions referred to in the argument do not require treatment on this appeal.

*By the Court.*—The judgment is affirmed.