Rudolph Wurlitzer Co. v. Mandarin Co. 178 Wis. 185.

---

RUDOLPH WURLITZER COMPANY, Respondent, vs. MANDARIN COMPANY, Appellant.

*May 9—October 10, 1922.*

*Sales: Instalment contracts: Replevin of goods: Recovery of purchase price.*

Where an instalment contract of sale of a piano provided that on default the seller could reclaim the piano, keep the money paid, and recover the remainder due as rental for the use of the piano, and that the right to take possession should be construed as a cumulative remedy additional to all others, after the seller replevied the piano for failure to pay instalments he could recover the amount unpaid when possession was taken.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Action on a promissory note. The complaint alleged that on March 27, 1918, defendant executed and delivered to plaintiff its promissory note in the sum of $1,705, payable within thirty-five months in amounts of $50, with interest at six per cent., on the 27th day of each month; that at the time the action was commenced there had become due the sum of $1,000, of which only $449.38 had been paid; and that there was due the sum of $550.30, with interest.

Defendant denied that the above amount was due, and alleged that the note was given for an electric piano; that by the terms of the contract plaintiff was bound to install twelve coin boxes necessary to the profitable use of the piano; that plaintiff breached its contract in that it installed only six such boxes; that previous to the commencement of this action the plaintiff had instituted an action of replevin and repossessed itself of the piano; and that the consideration for the note had failed. By way of counterclaim defendant alleged that as a result of plaintiff's failure to install the remainder of the coin boxes defendant had suffered damage to the extent of $449.38.

In answer to the counterclaim plaintiff alleged that six of the coin boxes were installed when the piano was delivered; that the other six were not installed for the reason that defendant requested plaintiff not to do so until it could be determined whether they were wanted; that later when defendant requested that they be installed the payments were so far in arrears that plaintiff refused to do so; that defendant said that their installation was not necessary and that if plaintiff would consent to payments of $10 per week instead of $50 per month defendant would not insist upon having the boxes; and that this extension of time was granted.

The piano in question was known as a Wurlitzer Orchestra and was designed for use in cafés such as that conducted by defendant. The coin boxes referred to were set

in the wall near tables or booths, and upon insertion of a coin in the slot the instrument would be set in operation. The contract governing its installation was designated as a lease and provided, in part, that defendant should take proper care of the piano and keep it insured and pay the taxes; that plaintiff should retain the keys to the boxes, take all the money from them and apply it upon payments due or to become due, giving credit therefor; that the title to the piano should remain in plaintiff; that in case the money taken from the boxes should not amount to $50 each month defendant should make up the deficiency; and that in case plaintiff had received $1,705, with interest, upon the due date of the note, it should execute a bill of sale of the piano to the defendant, but that until said amount should be paid in full the title should remain in the lessor.

It was further provided that time should be as of the essence of the contract, and that under certain conditions, one of which was the failure to make payments when due, plaintiff should have the right to enter and take possession of the piano and that all payments previously made should be applied as rental. Concerning these conditions it was agreed that:

"In the event that the said party of the second part [plaintiff] shall terminate this agreement or take possession of said property under the provisions of this agreement, it shall have the right to recover from the party of the second part all rental remaining unpaid under this agreement for the entire term thereof, whether the same is then due and payable or is thereafter to become due and payable.

"The right to terminate this agreement or take possession of said property shall not be construed otherwise than as cumulative remedies and additional to any other remedy."

As to the agreement of February 25th, defendant testified that plaintiff, in order to avoid installing the remainder of the coin boxes, agreed to postpone the collection of the amount then in arrears and to accept $10 per week from

then on, instead of $50 per month. Defendant introduced in evidence a letter bearing date September 13, 1919, from plaintiff's agent, in which it was stated that there was an unpaid balance of $1,313.72 on the contract, and that the payments were in arrears in the amount of $60. Between this time and December 15, 1919, when the piano was replevied, defendant made payments amounting to $100. Plaintiff's witnesses testified that the agreement related to future payments only, and the time of payment of the amount already due on the $50 per month agreement was not extended.

The court instructed the jury that if they found for plaintiff its damages should be assessed at $412.76, and that if they found for defendant the damages should be $449.38, the amount named in defendant's counterclaim. The jury found in favor of plaintiff that it had fully performed its part of the contract and named the amount of damages as instructed. Judgment was entered accordingly, and on appeal to the circuit court the judgment was affirmed.

For the appellant there was a brief by *Gugel & Greenthal* of Milwaukee, and oral argument by *F. H. Gugel.*

For the respondent the cause was submitted on the brief of *Bottum, Hudnall, Lecher & McNamara* of Milwaukee.

The following opinion was filed June 6, 1922:

JONES, J. It is urged by defendant that the amount claimed to be due on the notes is not the true amount. But the jury and the trial court found that the plaintiff had complied in all respects with the contract and that the amount due was $412.76. We have examined the testimony and are satisfied this was the true amount.

The only remaining question is one of law, namely, whether, after having replevied the piano, the plaintiff can recover from the defendant the amount which was due at the time the replevin action was commenced.

Defendant's counsel urge that, although the contract was

described as a lease, it was nevertheless a conditional-sales contract, and with this proposition we agree. *Kiefer-Haessler H. Co. v. Paulus,* 149 Wis. 453, 135 N. W. 832. They also argue that in such contracts as the one involved the vendor may, on default by the vendee to comply with the conditions, retake the property, or may treat the sale as absolute and bring an action for the price, but that the assertion of either right is a waiver or abandonment of the other. It is further argued that plaintiff could not affirm in part and disaffirm in part, and that when it took possession of the piano the consideration wholly failed.

There is undoubtedly considerable authority in other states for this construction and many cases are cited in which this rule is declared, although in most of them the terms of the contracts varied materially from those of the agreement here involved. The cases presenting both views are reviewed in a note in 12 A. L. R. 503.

The contract in the pending case provides that until payment in full the title shall remain in plaintiff; that on failure to make payments as agreed the plaintiff might take possession of the piano and all former payments should be applied as rent; and that in the event of taking possession the plaintiff should have the right to recover all unpaid sums or rentals, and that the right to take possession should be construed as a cumulative remedy and additional to all others.

It is urged by appellant's attorney with much earnestness that the rule adopted by the trial court might in individual cases work serious injury to the vendee. But it is equally easy to conceive of cases where the rule that only one of the two remedies can be adopted would work serious injury to the vendor. We are asked to adopt the theory of waiver or abandonment of remedies and that they were not cumulative in the face of the express agreement that they were. We know of no reason why parties of sound mind may not make such an agreement as these parties made if they choose to do so, and why the amount due may not be recovered

although possession of the property has been taken by the vendor.

But no elaborate discussion of the subject seems necessary, since this court has adopted the rule that under similar contracts the remedies are cumulative and the assertion of one right is not a waiver of the other. In a recent opinion by Mr. Justice OWEN the court said:

"However, we do not deem it necessary to pursue the subject further, because of the faulty premise upon which the conclusion must rest, and that is, that a vendor of goods upon a contract of conditional sale waives the right to re-take the goods in an attempt to enforce collection of the purchase price. This is not the law of this state. It was held in *Wiedenbeck-Dobelin Co. v. Anderson,* 168 Wis. 212, 169 N. W. 615, that the two remedies were not inconsistent, and that by pursuing one the vendor did not waive his right to the other. This principle is now embodied in statute law by the provisions of the Uniform Conditional Sales Act, sec. 1684*u*—24, Stats. (ch. 672, Laws 1919)." *Defiance Machine Works v. Gill,* 170 Wis. 477, 481, 175 N. W. 940.

Appellant's counsel recognize the importance of these decisions but seek to distinguish them because in those cases the attempt to make collection preceded the taking possession. But in our opinion the principle is the same whether possession is taken before the action for the amount due is commenced, as in this case, or afterward, and it was so held in *Adams v. Anthony,* 178 Cal. 158, 172 Pac. 593, where the seller brought suit on the contract for the amount due while in possession of the property sold.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 10, 1922.