John M. Minor, Plaintiff-Respondent,
v.
David M. Jacek, Defendant-Appellant,
State Farm Fire & Casualty Company, Defendant-Co-Appellant,
Olsen, Kulkoski, Galloway & Vesely, S.C., Bay Bank, Waste Management Tri-County, Inc. and State of Wisconsin Department of Revenue, Defendants.
No. 04-0645.
Court of Appeals of Wisconsin.
Opinion Filed: February 15, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
David Jacek purchased John Minor's house on a land contract. When Jacek defaulted on payment, Minor commenced this action. He sought and obtained a judgment for specific performance. In addition, he sought damages for negligent remodeling by Jacek during the term of the land contract. Jacek now appeals a judgment awarding Minor damages for that negligence. Jacek contends Minor's negligence claim is barred by the election of remedies doctrine because Minor obtained specific performance of the land contract.[1] We agree and reverse the judgment.
¶2 Jacek's insurer, State Farm Fire & Casualty Company, also appeals the judgment, arguing its insurance policy does not provide coverage for Minor's negligence claim. Because we reverse the judgment based on election of remedies, we need not reach the coverage issue.

BACKGROUND
¶3 On November 1, 1999, Jacek and Minor executed a land contract by which Jacek purchased Minor's house in Green Bay for a purchase price of $195,000. The land contract provided: "Purchaser covenants not to commit waste nor allow waste to be committed on the Property...."
¶4 Jacek took possession of the house and, a few days later, began remodeling. He planned to make cosmetic improvements, such as replacing the siding, and obtained a building permit for that work in February of 2000. However, the contractor found structural problems that also needed repair. By July of 2000, Jacek had spent $80,000 on improvements and structural repairs.
¶5 A city building inspector visited the property in July of 2000, advised Jacek that he needed to update his building permit for the additional work, and halted work on the project. Because the house was a non-conforming use under the city zoning code, the cost of repair or alteration to the house could not exceed 50% of the structure's assessed value, or $64,650, without bringing the structure into compliance with the zoning code. Jacek hired a surveyor and learned that he would need to raise the structure two feet and move it away from adjoining property lines in order to comply with the code. Jacek obtained an estimate and found the cost of compliance prohibitively expensive. He stopped making monthly payments on the land contract.
¶6 On August 14, 2001, Minor commenced this action. His complaint asserted claims for breach of the land contract through non-payment and waste and for negligence in remodeling.[2]
¶7 On December 3, 2001, Minor sought partial summary judgment for specific performance of the land contract. The circuit court granted judgment for specific performance and ordered a sheriff's sale of the property. Minor reacquired the property for $86,000, and the sale was approved by the court on March 4, 2002. Minor has not sought a deficiency judgment against Jacek for the difference between the contract price and the resale amount.
¶8 A jury trial on the negligence claims commenced on April 29, 2003. The jury found $107,000 in damages and found Jacek 80% negligent. On January 21, 2004, judgment of $86,731.41 was entered against Jacek. Jacek moved for judgment notwithstanding the verdict, contending that Minor was barred from obtaining a tort recovery by the election of remedies doctrine.[3] The circuit court denied Jacek's motion.

STANDARD OF REVIEW
¶9 We review the denial of a motion for judgment notwithstanding the verdict independently, applying the same methodology as the circuit court. Hicks v. Nunnery, 2002 WI App 87, ¶15, 253 Wis. 2d 721, 643 N.W.2d 809. A motion for judgment notwithstanding the verdict may be granted when "the verdict is proper but, for reasons evident in the record which bear upon matters not included in the verdict, the movant should have judgment." WIS. STAT. § 805.14(5)(b).[4]

DISCUSSION
¶10 This case stems from the breach of a land contract. When a breach of a land contract occurs, the seller may pursue several remedies: (1) sue for the unpaid purchase price; (2) sue for specific performance; (3) declare the contract at an end and bring a quiet-title action to remove the buyer's equitable right in the land; (4) sue for ejectment; or (5) sue for strict foreclosure. Kallenbach v. Lake Publ'ns, Inc., 30 Wis. 2d 647, 651-52, 142 N.W.2d 212 (1966). "[T]he election of one of these remedies waives the others." Oconto Co. v. Bacon, 181 Wis. 538, 543, 195 N.W. 412 (1923).
¶11 Minor's complaint stated a claim for breach of contract, including allegations that Jacek failed to make timely payments and that he committed waste. Minor sought specific performance for the contract breach. When a seller seeks the remedy of specific performance,
the [seller] elects to affirm the contract by having the property auctioned at judicial sale. The [seller] may recover only the purchase price plus his costs and disbursements. In the event the property sells for a price in excess of the contract price, the surplus belongs to the buyer, but if a deficiency results the [buyer] is liable for the deficiency.
Kallenbach, 30 Wis. 2d at 651. Thus, through the remedy of specific performance, the seller recovers the money due under the contract, not the property, and will receive a deficiency judgment against the buyer if the sale proceeds are insufficient to satisfy the contract. Id.
¶12 However, in addition to pursuing the remedy of specific performance for breach of the land contract, Minor brought a claim for negligence in remodeling the property, alleging that Jacek's negligence caused a substantial decrease in the value of the property. Jacek argues that because Minor elected to pursue his contractual remedy for this damage, the election of remedies doctrine should bar Minor from recovering tort damages.
¶13 Election of remedies is an equitable doctrine that bars a plaintiff from maintaining inconsistent legal theories or forms of relief arising from a single set of facts. Bank of Commerce v. Paine, Webber, Jackson & Curtis, 39 Wis. 2d 30, 36, 158 N.W.2d 350 (1968). Its underlying purpose is to prevent double recovery for the same wrong. Id. Though the doctrine is generally disfavored in Wisconsin because of its harsh results, id. at 40, it is applied in cases where the plaintiff must choose between two inconsistent remedies, such as a remedy in tort and a remedy in contract. Carpenter v. Meachem, 111 Wis. 60, 63-64, 86 N.W. 552 (1901). A court may properly order an election of remedies where the plaintiff's two theories of relief are premised on the same acts of the defendant. Wills v. Regan, 58 Wis. 2d 328, 345, 206 N.W.2d 398 (1973).
¶14 Minor argues that his contract and tort remedies are not inconsistent because each claim arises from a different set of facts. Minor contends that Jacek committed two wrongs: failure to make payments and damage to the property. He claims that his contractual remedy of specific performance addresses Jacek's breach by nonpayment and does not bar his tort claim for negligent remodeling.
¶15 However, Minor sought specific performance based on two breaches of the land contract: nonpayment and waste. Waste is conduct "that results in physical damage to the real estate and substantial diminution in the value...." Pleasure Time, Inc. v. Kuss, 78 Wis. 2d 373, 381, 254 N.W.2d 463 (1977). Thus, the waste is the same as the negligent remodeling damage. Therefore, we conclude Jacek has not committed two separately actionable wrongs. Rather, he has merely breached the contract in two ways. Having chosen to pursue the contractual remedy of specific performance, Minor is now barred from pursuing an additional tort remedy. See Wills, 58 Wis. 2d at 345.
¶16 Applying the election of remedies doctrine here also prevents Minor from obtaining a double recovery.[5] By specific performance, Minor received a remedy that allowed him to obtain his bargained-for purchase price, along with his costs and disbursements, through a deficiency judgment against Jacek. In other words, Minor elected a contractual remedy that would put him in the same position as if the contract had been fully performed. Allowing Minor to obtain a tort recovery would put him in a better position than he would have been in had the land contract been performed. See Pleasure Time, 78 Wis. 2d at 385. The situation would have been different if, rather than electing a remedy for the purchase price, Minor had instead sought merely the return of the property.[6] Had he elected a remedy that returned the property, his damage claim for the diminution in value caused by Jacek's negligence would have placed him in the same position he would have occupied had the contract never been formed. Thus, those damages would not have been a double recovery.
By the Court.  Judgment reversed.
NOTES
[1] Jacek alternatively argues that the economic loss doctrine bars Minor's negligence claim. Because we conclude the election of remedies doctrine is dispositive, we do not address Jacek's economic loss doctrine arguments. See Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).
[2] The negligent remodeling claim also named the contractor, Jeremy Slusarek, d/b/a TMJ Remodeling and Construction. The claim against Slusarek was settled before trial and is not at issue in this appeal.
[3] Jacek also contended recovery was barred by the economic loss doctrine.
[4] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[5] Although Minor concedes that satisfaction of both a deficiency judgment and a negligence judgment would be a double recovery, he contends that he can pursue both judgments and need not elect his remedy until one of the judgments is satisfied. Minor relies on Bank of Commerce v. Paine, Webber, Jackson & Curtis, 39 Wis. 2d 30, 37, 158 N.W.2d 350 (1968): "Where more than one remedy exists to deal with a single subject of action, but they are not inconsistent, nothing short of full satisfaction of the plaintiff's claim waives any such remedies." (Emphasis added.) Because we have concluded that Minor's specific performance and negligence claims are inconsistent, Minor's argument fails.
[6] Minor now owns the property because he repurchased it at the sheriff's sale.