## No. 11,125.

CHARLES K. LINCOLN VS. NEW ORLEANS EXPRESS CO., LIMITED.

1. In a purely personal action by a creditor against his debtor, another ordinary creditor has no right to intervene and oppose the demand, at least when fraud and collusion between the parties is not charged.
2. The stock of corporations can not be increased except by compliance with requirements of Act 26 of 1882, and until those requirements have been fulfilled the increased stock has no existence.
3. A sale by a corporation of such non-existent stock, and the delivery of a certificate therefor to an innocent third person who pays cash therefor, violates the vendor's warranty of the existence and validity of the thing sold, and entitles the vendee to recover the price.

APPEAL from the Civil District Court, Parish of Orleans. *Ellis, J.*

*J. Q. A. Fellows* and *James B. Rosser, Jr.*, for Plaintiff and Appellee.

*Gurley & Mellen* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. Plaintiff avers that on January 26, 1891, he entered into a contract of sale with the defendant company by which the latter sold him fifty shares of its capital stock, for which he paid defendant $3228 in cash and received a certificate purporting to be for fifty shares of stock; that he subsequently learned that the certificate was worthless and represented no valid stock in the company, but that all the valid stock had been previously issued, and was then held by *bona fide* stockholders; that he thereupon returned the certificate and demanded return of his money, and that, being refused, he brings the present suit to recover his money.

The defendant answered by a general denial.

Subsequently W. H. Boffinger, claiming to be an ordinary creditor of the company without judgment, intervened in the cause, and representing that he was interested in protecting the assets of the company then in process of liquidation, he claimed the right to defend the company, and setting up for it sundry special defences, he prayed that plaintiff's demand against defendant be rejected.

The plaintiff excepted to this intervention on the ground that it exhibited no cause of action or right to intervene, and this exception was sustained and the intervention dismissed.

The case then went to trial on the issue between plaintiff and defendant, and resulted in a judgment in favor of plaintiff as prayed for, from which defendant has not appealed. But Boffinger, alleging that he is aggrieved and injured by both the judgment dismissing his intervention and by the judgment on the merits, appeals from both.

The judgment dismissing the intervention was clearly right. No *jus in re* or *jus ad rem* is involved. Plaintiff's suit is purely a personal action of debt, and the intervenor only claims to be an ordinary creditor of defendant. No fraudulent collusion between plaintiff and defendant is charged, nor is there even a direct claim that defendant is insolvent. From the adoption of our Code of Practice, it has been the settled construction of Arts. 389 and 390 that the interest required to authorize an intervention "must be direct and closely connected with the object in dispute founded on some right, claim or lien, either conventional or legal," and that ordinary personal creditors of a defendant " have no right to interfere with the administration of justice between him and other individual creditors who are pursuing their claims in the ordinary mode of legal procedure." Brown vs. Saul, 4 N. S. 434; Pierre vs. Marre, 7 N. S. 196.

And even in cases which justify an intervention by a creditor he can not interfere between the parties except for the protection of his own rights, and can not contest plaintiff's claim against defendant or set up exceptions or defences which are personal to the latter. Carroll vs. Bridewell, 27 An. 239; Flemings vs. Shields, 21 An. 118; Lee vs. Bradlee, 8 O. S. 55.

There may be exceptions to these rules in cases of fraud and collusion between the parties. Suc. of Baum, 11 Rob. 314.

The appeal of Boffinger from the judgment on the merits stands simply as an appeal by a third person, and as no exception is taken thereto by motion to dismiss, or otherwise, we will examine it.

The evidence establishes beyond question that at the date when plaintiff purchased the stock the defendant had no stock to sell and the certificate issued to him represented nothing.

The stock of plaintiff was originally limited to $10,000, the whole of which had been issued and was outstanding in *bona fide* holders. No additional stock could be created or could exist except by compliance with Act 26 of 1882, passed to carry into effect Art. 239 of the Constitution declaring that "the stock (of corporations) shall not be increased except in pursuance of general laws," etc. The Act 26 provides the mode of procedure for that purpose, including public notice for thirty days of a meeting of stockholders; a meeting held accordingly, a vote on the proposed increase, a certificate of the proceedings duly signed and verified, and a filing of said certificate in the office of the Secretary of State; and the act concludes with the significant declaration: "And when said certificate is so filed the capital stock of said corporation shall be increased as therein set forth." It follows that until these requirements have been complied with and the certificate thereof is actually filed, the increased stock does not exist and a certificate therefor represents nothing.

Now, at the time when defendant sold stock to plaintiff and received his money therefor none of the requirements of the statute had been complied with except the holding of a meeting of stockholders, which had voted in favor of an increase of stock. The defendant, therefore, had no stock to sell; the certificate which purported to represent the delivery of stock was a worthless piece of paper; plaintiff received nothing for his money and is entitled to recover it.

We are satisfied, as was the district judge, that plaintiff was ignorant of the non-existence of the stock and the worthlessness of his certificate, and that his action in accepting a directorship and acting as such for a short time was based on his belief that he was a stockholder, and that, as soon as he discovered the true state of facts, he promptly returned the certificate and brought suit for his money. A hasty attempt was then made to complete the proceedings according to the statute, but it was too late to affect his rights, and a sale of stock purporting to be *in esse* can not be validated by the subsequent creation and delivery of new stock without the consent of the purchaser. The new stock was not the thing sold, and its delivery would not

discharge the obligation of the seller. Moreover, in this case the defendant has not even offered to deliver the new stock, and has made no special defence beyond the general denial.

The plaintiff has fully proved his case and is entitled to recover. Judgment affirmed.