ALBERT C. STEPHANY, appellant,

*v.*

JOHN E. MARSDEN et al., respondents.

[Argued November 19th, 1909.   Decided February 28th, 1910.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Ulysses G. Styron* and *Mr. Joseph H. Gaskill,* for the appellant.

*Mr. Norman Grey,* for the respondents.

PER CURIAM.

The bill in this case was filed by a stockholder of the Liberty Cut Glass Works, a corporation of this state, not only on his own behalf, but "for and in behalf of said corporation, and of all other stockholders of said corporation." The purpose of the bill as stated in the brief of counsel for the appellant, was to obtain a declaration by the court of chancery that three hundred shares of the capital stock of the corporation of the par value of $15-000, issued to certain persons called the promoters, for property transferred to the company, and which stock is now held by Marsden, was issued without value, and is held in fraud of the rights of the stockholders, and, further, to obtain a decree that the shares so issued and held were without value in the hands of Marsden, and that they should be surrendered and canceled, at least to the extent that the consideration for their issue failed.

The stock, which is the subject-matter of the controversy, was issued to Marsden, and those from whom he purchased it in October, 1902. The complainant's bill was filed in July, 1907, nearly five years later. The proofs in the cause show that the transaction which involved the issuing of the stock, and the

taking over by the company of the property for the purchase of which it was issued, was not a secret one, but was known to and understood by the complainant and his fellow-stockholders at the time that the transaction took place. No excuse for not promptly challenging the legality of the transaction appeared in the case, and the learned vice-chancellor, before whom it was heard, concluded that the long delay in the assertion of the claim set up in the bill operated as a bar to the relief sought.

Assuming that, upon a proper case made, the complainant would be entitled to a decree such as is prayed for, we think the conclusion reached by the vice-chancellor was justified on the merits. We are not, however, willing to concede the soundness of the assumption. Where stock is fraudulently issued for property purchased in excess of the value of that property, it may well be doubted whether the remedy is to compel the surrender and cancellation of the stock. Such a method of reducing capital stock is not that provided by the Corporation act; and to permit its adoption might be to seriously imperil the rights of creditors. The decision of the case against the complainant on the merits eliminates that question from the controversy, however, and we only refer to it for the purpose of guarding against the inference that, by affirming the decree under review, we affirm the right of the court of chancery to compel the cancellation of stock issued for property purchased, when the issue is fraudulently made in excess of the value of that property, provided that prompt appeal is made to the court for that purpose.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, ·VREDENBURGH, VROOM, DILL, CONGDON—14.

*For reversal*—None.