JOSEPH ZIEMBINSKI, complainant,

*v.*

JOSEPH WASNIEWSKI and HELEN WASNIEWSKI, his wife, defendants.

[Decided October 3d, 1923.]

1. One who takes title to real property, even with notice actual or constructive of an encumbrance, from one who had no notice thereof and was a *bona fide* purchaser when his deed was placed on record, takes title free and clear of the encumbrance.

2. Where actual knowledge of the encumbrance by the original grantees can be proved, an opportunity for such proof will be given, even if the pleadings in the case do not so aver.

On bill and answer.

*Messrs. Weinberger & Weinberger,* for the complainant.

*Mr. Herman C. Rust,* for the defendants, and *Mr. Andrew Foulds, Jr.,* of counsel with the defendants.

LEWIS, V. C.

The question involved in this case has been submitted for decision on the pleadings. The bill is to foreclose a mortgage given by Stephen Adamski to the complainant, Joseph Ziembinski, for $600, dated March 30th, 1915, recorded May 5th,

1915. There is no question but that the consideration named passed between the parties. On May 1st, 1915, Stephen Adamski conveyed the mortgaged premises to Albin F. Rowinski and Cora Rowinski, his wife. That deed was recorded May 4th, 1915. On the same date. as this conveyance, viz., May 1st, 1915, Rowinski and. wife conveyed the premises back to Kazimiera Adamski, the mother of Stephen Adamski,. the original owner and mortgagor. The Rowinski deed was not recorded by Mazimiera Adamski until June 22d, 1915. The mortgage in question, dated March 30th, 1915, was. not recorded by complainant until May 5th, 1915, which is one day after the recording of the deed to Rowinski and wife, but seventeen days prior to the recording of the deed back to Kazimiera Adamski. On October 27th, 1922, Kazimiera Adamski conveyed the mortgaged premises to the present defendants, Joseph Wasniewski and Helen Wasniewski. Their deed was recorded November 2d, 1922. The present bill filed to foreclose this mortgage against the present owners of the property contains no allegation of fraud nor does it set up actual notice of the existence of the mortgage in Rowinski and wife or Kazimiera Adamski at the time of the conveyances to them, respectively, on May 1st, 1915, nor at the time of the recording of the Rowinski deed on May 4th, 1915. The mortgage, which was recorded May 4th, 1915, did not become constructive notice of the lien until the date when it was so recorded.

Upon these facts the solicitors for the complainant have submitted their right to foreclose, contending that the present defendants, who purchased the premises in question in 1922, were bound by constructive notice of the mortgage which had been recorded more than seven years previous to their purchase, and that a proper title search would have disclosed the existence of the recorded mortgage; stating in their brief, however, that if it is deemed necessary to produce proof of actual notice of the existence of the mortgage by the purchasers of the property on May 1st, 1915, such proof is available and can be readily submitted to the court.

The defendants, in their answer, deny complainant's right to foreclose the mortgage as against them and their property on the ground that Rowinski and wife, who recorded their deed May 4th, 1915, one day before the complainant recorded his mortgage, were *bona fide* purchasers of the mortgaged premises for value, without notice of the unrecorded mortgage; and that even though these defendants had constructive notice of the mortgage at the time they purchased the premises in 1922, they are not bound by it, nor is their property encumbered by it, because they succeeded to the title of the premises free from the lien of the mortgage.

The decisions in this state are clear that one who takes title to real property, even with notice, actual or constrictive, of an encumbrance, from one who had no notice thereof, and was a *bona fide* purchaser when his deed was placed on record, takes the title free and clear of the encumbrance. *Rutgers* v. *Kingsland, 7 N. J. Eq. 178; affirmed, Ibid. 658; Holmes* v. *Stout, 10 N. J. Eq. 419; Capital Circle, &c.,* v. *Schmitt, 84 N. J. Eq. 95.*

Applying this rule to the present situation, Rowinski and wife took title to the premises free and clear of the Adamski mortgage, which was unrecorded at the time of the recording of their deed, and of the existence of which mortgage it is not alleged they had actual notice. By their deed they conveyed to their grantee a like unencumbered title, and that grantee in turn conveyed a like unencumbered title, free and clear of the mortgage in suit to the present defendants.

If the case were to rest in its present posture, therefore, I would be obliged to dismiss the bill. The answer, in my opinion, setting up a complete defense to the complainant's alleged right to foreclosure as set forth in his bill.

In view of the complainant's statement, however, of his ability and desire to submit prof of the knowledge of the original grantees of Stephen Adamski of the existence of the mortgage in question, which would destroy the *bona fide* position under which the present defendants claim immunity from foreclosure, I am constrained to reopen the case and

afford the complainant the opportunity to present such proof in support of his right to foreclose.

Appropriate opportunity will also be afforded the defendant to meet complainant's proofs. A date for the hearing may be designated upon application for that purpose.