This was a bill to foreclose a mortgage given by Stephen Adamsky to the complainant, dated March 30th, 1915, recorded May 5th, 1915. The foreclosure was resisted by defendants on the ground that the mortgage had not been recorded until after the conveyance of the mortgaged premises *Page 58 
to the grantors of defendants, who took the conveyance without notice of the unrecorded mortgage, and that, therefore, defendants, even though they had notice of the unrecorded mortgage when they purchased, were entitled to claim the premises free from the lien of the unrecorded mortgage, as the grantees of those who had previously taken the conveyance without notice. Upon the original hearing a decree was advised in favor of the position taken by the defendants (see 95 N.J. Eq. 57), but a further hearing was granted complainant in view of his statement that convincing proof was available to establish the fact that the defendants' grantors had actual notice of the unrecorded mortgage when they took title from Stephen Adamski. The additional proofs submitted have failed to convince me that I should depart from my previous conclusion.
As stated in the former opinion, the rule is clear in this state that a purchaser from a grantor who took bona fide
without notice of an unrecorded mortgage is himself protected from the lien of that mortgage, even though he knew of it when he took title from his grantor who had previously taken without notice of it. In other words, the last grantee, having knowledge of the unrecorded mortgage, is protected by the title of his grantor who took without notice.
The complainant, however, asserting that he had positive proof to show that the defendants' grantor had knowledge of the unrecorded mortgage, and was therefore not protected, led the court to grant a further hearing for the purpose of having that proof put in. All that that additional proof shows is that Adamski conveyed to Rowinski, who, on the same day, conveyed to Adamski's mother. A few months later Adamski's mother conveyed to the defendants, who knew, at the time they took title, that the unrecorded mortgage existed. From this transaction the complainant draws the inference that it was simply the usual "man of straw" transaction for the purpose of avoiding a direct conveyance from Adamski to his mother, Rowinski being the "dummy" for that tranaction, and that Rowinski never paid value, nor did the mother pay value for the property; and that, therefore, this transaction was a fraud, devised by those several parties for the *Page 59 
purpose of cutting out the complainant's unrecorded mortgage.
The difficulty with these proofs is, that they don't convince me that the grantee of Adamski or Rowinski had the knowledge of the unrecorded mortgage which complainant claims they had, or that the two transactions were without consideration.
I am therefore unwilling to alter my former conclusions, and I think that the complainant has not shown a right to foreclose this unrecorded mortgage (now recorded) against the present owners of the property.
I shall therefore advise a decree accordingly.