Complainant, by its bill, seeks (a) to compel defendant Carlisle Ribbon Mills to transfer to complainant's name upon said defendant's books two hundred and fifty shares of its common capital stock, represented by its certificate bearing number *Page 412 
3, and (b) to enjoin the transfer of certificate bearing number 4 issued by said defendant and to compel defendants Fred A. and Ralph J. Baer to surrender and deliver up for cancellation said last-mentioned certificate.
The facts pertinent to the present inquiry, as they appear from the evidence adduced, are these: On January 15th, 1920, the defendant Carlisle Ribbon Mills was incorporated under the laws of this state by the defendants Fred A. Baer, Ralph J. Baer and one Wallace S. Jacobs, who constituted all of its incorporators, stockholders, officers and directors, and each of whom subscribed for and held two hundred and fifty shares of its common capital stock. To each of these persons, the said defendant corporation issued its certificate for two hundred and fifty shares of its stock, the said Jacobs receiving certificate bearing number 3. On December 14th, 1921, the said Jacobs, under the pretext of having lost his certificate, induced the defendant corporation, acting through the other two defendants as directors, to issue and deliver to him a new certificate, which bore number 4, to replace certificate bearing number 3, alleged to have been lost by him, and which newly issued certificate the said Jacobs on the same day endorsed and delivered to the Paterson National Bank as collateral security for the payment of a promissory note in the sum of $34,000 then made by one Anna Baer, which note was endorsed by him and the defendants Fred A. Baer, and Ralph J. Baer, and discounted by said bank.
On April 13th, 1923, the said Jacobs, being indebted to complainant in the sum of $28,000, executed and delivered to complainant his promissory note in said sum, bearing said date and payable on June 1st, 1924, and at the same time pledged with complainant, by endorsing and delivering to it, as collateral security for the payment of his said note, certificate of stock bearing number 3, which had originally been issued to him by defendant corporation, but which he subsequently claimed to have lost. On October 14th, 1923, defendants Fred A. and Ralph J. Baer purchased from said Jacobs his equity in, or contingent right of restoration to, certificate of stock bearing number 4, issued to him to replace *Page 413 
certificate number 3, and by him pledged with said bank. Subsequently, said Jacobs having made default in the payment of the note which he gave to complainant, the latter on June 25th, 1924, sold, at public auction, said certificate of stock bearing number 3, and at which sale it was the successful bidder, and immediately thereafter notified the defendant corporation of its ownership of said stock and demanded that same be transferred to its name, which defendant corporation refused to do.
Defendants resist the relief sought by complainant, contending that complainant is without legal title to or right in said certificate number 3, or any of the shares of stock represented thereby, since it had assumed the status of a lost or stolen certificate immediately upon certificate number 4 having been issued to replace it, and that Jacobs could confer no better rights thereunder than could a thief thereof; defendants Fred A. and Ralph J. Baer further contend that they are bona fide
purchasers, and innocent holders for value of said certificate bearing number 4, issued in place of certificate bearing number 3 as aforesaid.
While the evidence clearly demonstrates that the said Jacobs perpetrated a gross fraud upon the defendants in having issued to him duplicate certificate number 4, it utterly fails to show any knoweldge or notice thereof on the part of complainant. On the contrary, it clearly establishes the fact that the complainant had no knowledge or notice of any facts making the transfer wrongful, either when it accepted said certificate number 3, as a pledge or at the time when it purchased same, and that it acted in good faith in so doing. As such, it enjoys the position of a purchaser for value in good faith and without notice of any facts making the transfer wrongful, and is possessed of an unimpeachable and indefeasible title in and to said certificate and the shares of stock represented thereby.
The elements of negotiability of certificates of corporate stock, lacking at common law, have now been supplied by our "Uniform Stock Transfer act [1916]" (P.L. 1916 ch. 191), title to certificates, and the shares of stock represented *Page 414 
thereby, issued since the taking effect of said act, can only be transferred by delivery of the certificate either endorsed or else coupled with an assignment or a power of attorney, as provided for by section 1 of said act.
Section 5 of said act provides that:
"The delivery of a certificate to transfer title in accordance with the provisions of section 1 is effectual, except as provided in section 7, though made by one having no authority from the owner of the certificate or from the person purporting to transfer the title."
And section 7 of said act provides that:
"If the indorsement or delivery of a certificate —
(a) Was procured by fraud or duress, or
 (b) Was made under such mistake as to make the indorsement or delivery inequitable, or if the delivery of a certificate was made;
(c) Without authority from the owner, or
 (d) After the owner's death or legal incapacity, the possession of the certificate may be reclaimed and the transfer thereof rescinded, unless:
 (1) The certificate has been transferred to a purchaser for value in good faith without notice of any facts making the transfer wrongful, or
 (2) The injured person has elected to waive the injury or has been guilty of laches in endeavoring to enforce his rights."
Even assuming, but not so deciding, that said Jacobs had no right or authority to transfer or pledge said certificate number 3, issued to him, nevertheless, he, having done so, coupled by its endorsement and delivery, thereby, under sections 1 and 5 of said act, effectively and legally transferred to complainant the title thereto and to the shares of stock represented thereby.
Nor can said certificate, under section 7 of said act, be reclaimed as against complainant, who unquestionably, within the purview of said act, appears to have been a purchaser for value in good faith and without notice of any facts making the transfer of said certificate wrongful.
These facts lead to the inevitable conclusion that the complainant is legally entitled to have said shares of stock transferred *Page 415 
to its name upon the books of the defendant corporation and to have a new certificate issued to it, evidencing its ownership of said stock, upon its delivering up and surrendering for cancellation of the defendant corporation said certificate number 3.
As hereinbefore stated, defendants Fred A. and Ralph J. Baer acquired certificate number 4 by direct purchase from said Jacobs, subject only to the bank's interest therein as pledgee, which upon its interest having been satisfied, endorsed and delivered said certificate to said defendants, who still retain same in their possession. Section 17 of the act specifies the procedure which must be pursued in order to issue a new certificate to replace a lost or destroyed one. That this procedure was not pursued in issuing certificate number 4 is beyond question, the undisputed evidence clearly showing that it was issued in direct violation of said section. The Baers, as officers and directors of the defendant corporation, sanctioned, authorized and participated in the issuance of said duplicate certificate by the defendant corporation to said Jacobs. Ignorance of the law being no excuse, they thereby became charged with actual knowledge, or at least notice, that said duplicate certificate was illegally issued to said Jacobs, and from whom they subsequently purchased it. Under these circumstances, the defendant corporation, under section 7 of the act, may rightfully reclaim said certificate from the Baers, since its delivery to Jacobs had been procured by a fraud perpetrated by him upon it. Thus, complainant, as a stockholder of, for the purpose of protecting its interest in, and for the benefit of the defendant corporation, may have the transfer of said certificate enjoined and its surrender by the said Baers to the defendant corporation for cancellation enforced.
I will advise a decree in accordance with the foregoing conclusions. *Page 416