## ESPONDA v. OGDEN STATE BANK

No. 4840. Decided December 20, 1929. (283 P. 729.)

118

*Henderson & Johnson,* of Ogden, for appellant.

*J. E. Evans,* of Ogden, for respondent.

ELIAS HANSEN, J.

The complaint in this action is founded upon a certificate of deposit issued to the plaintiff by the defendant. The certificate reads as follows:

"$1,268.80

"Ogden State Bank.
"Certificate of Deposit.

"Ogden, Utah, Oct. 29, 1912.

"P. Esponda has deposited in this Bank twelve hundred sixty eight & 80/100 dollars payable to the order of himself 3—— 6—9 or 12 mos. from date on return of this Certificate properly endorsed with interest at the rate of four per cent per annum. No interest after maturity. Not subject to check.

"No. 17632                    A. P. Bigelow, Cashier."

By its answer defendant admits that it issued to the plaintiff the certificate of deposit sued upon. It seeks to defeat plaintiff's claim for payment of the certificate on the following alleged grounds: (1) That it has made payment of the certificate to one Joseph Laucirica, who it alleges had full authority from the plaintiff to surrender the certificate and receive payment of the amount owing thereon; (2) that in the year 1913 Joseph Laucirica informed the plaintiff that he had cashed the certificate and was using the money, and that plaintiff ratified the acts of Mr. Laucirica in cashing the certificate; (3) that plaintiff is estopped from enforcing payment of the certificate because of the long delay in demanding payment, and because, if the plaintiff had timely demanded payment of the certificate, the defendant could have recovered the amount of the certificate from Joseph Laucirica, but at the time plaintiff demanded payment Joseph Laucirica was insolvent; (4) that plaintiff's claim is barred by the provisions of Comp. Laws Utah 1917, § 6466, subd. 2.

Upon issues joined a trial was had to the court sitting without a jury. The learned trial judge found the issues in favor of the plaintiff and against the defendant, and entered judgment accordingly. The defendant prosecutes this appeal. By its assignments of error appellant questions the sufficiency of the evidence to support the findings of fact and the judgment.

There is no controversy between the parties as to the following facts which are either admitted by the pleadings or established by uncontradicted evidence: On October 29, 1912, the plaintiff deposited with the defendant bank $1,268.80, and the bank issued to the plaintiff a certificate of deposit, a copy of which we have heretofore set out in this opinion. The plaintiff delivered the certificate to Joseph Laucirica, but plaintiff did not indorse the same. On January 5, 1913, Joseph Laucirica indorsed the certificate by writing on the back thereof these words: "Pedro Esponda by Joseph Laucirica." The certificate was then delivered to the defendant bank by Joseph Laucirica and his account at the defendant bank was given credit for $1,268.80. No interest was allowed on the certificate, because less than three months had passed since the certificate was issued. Plaintiff did not demand payment of the certificate from the defendant until a few days before August 3, 1927. On that date plaintiff began this action. The defendant has not paid anything directly to the plaintiff on account of the certificate.

The plaintiff and Joseph Laucirica are both Basques. They speak the same language. The plaintiff has been engaged in herding sheep as a means of earning a livelihood for a number of years. He is unable to read or write any language. He speaks and understands very little English. Joseph Laucirica understands and speaks English. He can read and write. He has been engaged in conducting a rooming and boarding house at Ogden Utah. In 1913 he was the owner of property valued at between $20,000 and $35,000.

He often assisted other Basques in business transactions. The plaintiff and Joseph Laucirica had been friends for a number of years prior to 1912. When the plaintiff came to Ogden he usually stayed at the rooming and boarding house which was conducted by Mr. Laucirica. Upon a number of occasions the plaintiff had left money and valuable papers with Mr. Laucirica for safe-keeping.

There is a conflict in the evidence as to whether or not Joseph Laucirica had authority from the plaintiff to cash the certificate of deposit which is involved in this controversy. Joseph Laucirica was called as a witness for the defendant. He testified that at the time he cashed the certificate plaintiff was indebted to him in the sum of between $700 and $800; that plaintiff told him to cash the certificate and retain sufficient of the proceeds to pay the amount owing to him by the plaintiff; that in 1921 he paid to the plaintiff $280 which settled the account between him and the plaintiff; and that at the time of the trial neither was owing anything to the other. After he had so testified, he was shown a statement in his own handwriting signed by him, which statement he had given to the plaintiff in 1920. The statement is written in Spanish. Translated into English is reads as follows:

Ogden, Utah, ———.

"Received from Pedro Esponda the amount here below

| | |
|---|---:|
| Jan. 1, 1915 | $1,597.75 |
| March 1, 1915 | 300.00 |
| July 1, 1916 | 290.00 |
| | $2,187.75 |

"6% interest

"Take away ................................ 140.00

"Pay him Oct. 6

Certificate ........................................ 1,100.00

"Joseph Laucirica

"Nov. 6, 1920

Pay him ........................................... 120.00

Receive check ..................................... 193.00"

When Mr. Laucirica was shown this statement, he admitted that it was in his handwriting and that it was a statement of account between him and the plaintiff. He made no attempt to reconcile the account with the evidence theretofore given by him. The testimony of Joseph Laucirica is so full of contradictory statements that it is entitled to but little, if any, weight.

The plaintiff testified that he gave the certificate of deposit involved in this action to Joseph Laucirica for safekeeping; that he understood the certificate was drawing interest all the time at the bank; that, when the statement of the account was handed to him, he put it in his pocket; that he did not know what it contained, but that he supposed it was a statement of account between him and Joseph Laucirica; that he had not shown the statement to any one until he presented it at the time of the trial; that he did not know that Joseph Laucirica had cashed the certificate until in 1927 when he went to the bank and was then informed that the certificate had been paid. The plaintiff further testified that in April, 1924, he went to Joseph Laucirica and informed him that he desired to get his money; that he was getting old, and wanted to go back to his home in France; that at that time Mr. Laucirica informed him that he did not have any money to pay him, and that he (Laucirica), was using the certificate; that Laucirica told him to go back home and he would send the money to him; that, when he learned that he could not get any money from Laucirica, he went back to work herding sheep; that he had not asked Mr. Laucirica for the certificate at any other time. The plaintiff further testified that he had received from Mr. Laucirica the certificate of deposit for $1,100 and the money shown by the statement; that Laucirica was still indebted to him in the sum of $590, which amount he had loaned to Laucirica.

The foregoing is, in substance, the evidence touching the issues raised by the pleadings. Upon this record we are of the opinion that the defendant has no just cause to complain

because of the judgment rendered against it. The learned trial judge may well have believed the testimony of the plaintiff as to his transactions with Joseph Laucirica in connection with the certificate of deposit upon which this action is founded. If the testimony of the plaintiff is to be believed, clearly Joseph Laucirica was without authority to cash the certificate. There is nothing in plaintiff's testimony that would justify a finding that he ratified the wrongful act of Mr. Laucirica in cashing the certificate and applying the money to his own use. If the plaintiff believed that his money was at all times in the bank, it cannot be said that he is estopped from insisting on its payment, even though he has permitted it to remain there for approximately fifteen years. Even though it should be conceded that the plaintiff knew or should have known in 1924 that Joseph Laucirica had cashed the certificate of deposit, such fact alone would not work an estoppel of plaintiff's right to the money held by the defendant bank. The defendant offered evidence tending to show that Joseph Laucirica had considerable property in 1913, but the record is silent as to the amount of property, if any, which Joseph Laucirica owned in 1924. So far as is made to appear, the defendant was in no way prejudiced by the fact that the plaintiff demanded payment in 1927 rather than in 1924. By the judgment defendant is not required to pay any interest on the money deposited with it except for the first year after the money was so deposited and for the time that has elapsed since the plaintiff brought this action. There is nothing in this record that would justify the conclusion that the defendant could have recovered the money paid to Joseph Laucirica at any time since 1924. The contention made by the defendant that its claim against Joseph Laucirica is barred by the statute of limitations by reason of plaintiff's delay in demanding payment of the certificate is without support in law. In the case of fraud, the statute of limitations does not begin to run until the fraud is discovered by the injured person.

The defendant's plea of the statute of limitations must also fail. The plaintiff had no cause of action against the defendant until he demanded payment of the certificate, and hence the statute of limitations did not begin to run until that date. Moreover, by the provisions of Comp. Laws of Utah 1917, § 6478, there is no limitation to an action brought to recover money or other property deposited with a bank. The evidence in this case supports the findings of fact and the judgment.

The judgment is affirmed. Respondent is awarded his costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.